IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DIAZ, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-07-2190 |
| | : (Judge Caldwell) |
| JOHN PALAKOVICH, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I. *Introduction*

The pro se plaintiff, John Diaz, presently has three motions before the court. Common to all three motions is the issue of Diaz's alleged inability to file a Certificate of Merit (COM) as required by Pennsylvania law pursuant to Pa. R. Civ. P. 1042.3(a) in support of his legal malpractice claim against Attorney Stott-Bumsted. The motions are a motion for enlargement of time or stay pending the court's clarification of our July 10, 2013 Order (Doc. 122), and two identical motions for the appointment of counsel to determine whether his claim against Attorney Stott-Bumsted has merit. (Docs. 124 and 127). For the reasons that follow, the motions will be denied.

II. *Background*

In his second amended complaint, Diaz alleges that Attorney Stott-Bumsted, who represented him *pro bono* on appeal in this matter before the Third Circuit Court of Appeals, committed legal malpractice when she failed to challenge on appeal this court's ruling dismissing his access-to-the-courts claim. (Doc. 63, Second Am. Compl., ECF pp. 5, 7 and 9-10). On July 10, 2013, the court denied Diaz's motion to waive the requirements of

Pa. R. Civ. P. 1042.3. *See* Doc. 118. We held that since Diaz has alleged that Attorney Stott-Bumsted was negligent when she deviated from an acceptable professional standards as a lawyer, Pennsylvania law required the filing of a COM. *Id.* The court cannot waive this requirement as it is a rule of substantive law. *Id.* What Diaz must affirm in his certificate of merit was spelled out in our Order. *See Id.*, ECF p. 2. Diaz was directed to file a COM that complies with the requirements of Pa. R. Civ. P. 1042.3(a) within 21 days of the date of the Order.

*III. Discussion*

> *A. Motion for Extension of Time to and/or Motion to say Order, dated July 10, 2013, until Court Clarifies portion of order in Question*

Diaz seeks an enlargement of time to comply with our July 10, 2013, Order requiring him to file a COM in support of his legal malpractice claim against Attorney Stott-Bumsted. *See* Doc. 122. Dias "is confused" and seeks "clarification . . . as to 'how' [he] is supposed to comply with Pa. R. Civ. P. 1042.3(a), since he cannot access an appropriate licensed professional to supply a written statement." *Id.*, ECF p. 2.

It does not appear that Diaz is confused as to his obligations with respect to his filing of a COM. He suggests that he wants to comply with the COM requirement by proceeding under Rule 1042.3(a)(1) and asks the court for legal advice as to how he is to secure a legal expert to assist him. The court can not provide the direction or clarification Diaz seeks, as it would be improper for the court to provide such legal advice to him. As directed in our Order, Diaz must file a certificate of merit indicating that he intends to proceed without expert testimony, or that such testimony is unnecessary to advance his

-2-

legal malpractice claims. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). He must submit a COM under Rule 1042.3(a)(1), 1042.3(a)(2) or 1042.3(a)(3). The court cannot make the choice for him.

> *B. Motions to Appoint Counsel on a Limited Basis to Determine Whether his Legal Malpractice Claim against Attorney Stott-Bumsted has Merit.*

Diaz seeks court-appointed counsel not for the purpose of representing him, but for the limited purpose of assisting him to comply with the requirements of Pa. R. Civ. P. 1042.3(a). (Doc. 124, ECF p. 3). Given the wording of Diaz's request, the court will construe his motions for appointment of counsel (Docs. 124 and 127), as motions for the appointment of an expert witness.

Although Diaz proceeds *in forma pauperis*, there is no authority to appoint and pay an expert to assist an indigent litigant in the preparation for a civil suit for damages. The statutory section dealing with *in forma pauperis* litigants, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid an indigent litigant. In *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987), the Third Circuit held that § 1915 makes no provision for a district court to either pay or waive fees for an expert witness.

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Id.*

Under Fed. R. Evid. 706(a), a trial court may, on its own motion or on the motion of a party, appoint an neutral expert witness selected by the parties or of its own choosing. The court-appointed expert witness, however, answers neither to the defendant nor the plaintiff, but to the court itself. *Ford v. Mercer Cnty. Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006) (nonprecedential). "The policy behind the rule is to promote the jury's fact finding ability." *Id*. Thus, any court-appointed expert could not be used to assist one party or the other. Clearly, a court-appointed expert could not be employed for the specific purpose of evaluating, or attesting to, the merit of Diaz's legal malpractice claim against Attorney Stott-Bumsted on Diaz's behalf. Accordingly, Diaz's motion for the appointment of an expert witness will be denied.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 21, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DIAZ, :
:
    Plaintiff :
: CIVIL NO. 1:CV-07-2190
  vs. :
: (Judge Caldwell)
JOHN PALAKOVICH, *et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 21st day of August 2013, in accordance with the accompanying memorandum, it is ORDERED that:

    1. Plaintiff's Motion for Extension of Time to and/or Motion to Stay Order, dated July 10, 2013, until Court Clarifies Portion of Order in Question (Doc. 122) is DENIED.

    2. Plaintiff's Motions for Appointment of Counsel on a Limited Basis to Determine Whether Claim has Merit (Docs. 124 and 127) are construed as Motions for Court Appointed Expert.

    3. Plaintiff's Motions for a Court Appointed Expert (Docs. 124 and 127) are DENIED.

    4. Plaintiff is granted ten (10) days from the date of this Order to file a certificate of merit in compliance with Pa. R. Civ. P. 1042.3(a) as directed in our July 10, 2013, Order.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge