IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DIAZ, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:CV-07-2190 |
| vs. | : | |
| | : | (Judge Caldwell) |
| JOHN PALAKOVICH, *et al.*, | : | |
| | : | |
| Defendants | : | |

*M E M O R A N D U M*

I.    *Introduction and Procedural History*

        The pro se plaintiff, John Diaz, filed this civil-rights action pursuant to 42

U.S.C. § 1983 concerning the handling of his legal mail while he was incarcerated at the

Smithfield State Correctional Institution in Huntingdon, Pennsylvania.  Diaz was serving

time at SCI-Smithfield on a life sentence for first-degree murder imposed by the

Commonwealth of Massachusetts.  He has been returned to Massachusetts, where he is

currently incarcerated in a Massachusetts correctional facility in Shirley, Massachusetts.

        In his original complaint, Plaintiff alleged that correctional officers at Smithfield

were routinely opening his incoming legal mail outside of his presence in violation of the

First Amendment and interfering with his outgoing legal mail in violation of his right of

access to the courts.  In March 2009, we granted the defendant's motion for summary

judgment with respect to the incoming legal mail claim, dismissed the access-to-courts

claim because no actual injury had been alleged, and denied Plaintiff's motion to amend to

substitute John Doe defendants as futile.  *Diaz v. Palakovich*, 2009 WL 811712 (M.D. Pa.

Mar. 26, 2009).

Plaintiff appealed.  Defendant Hannah Stott-Bumsted was appointed his *pro bono* appellate counsel.  The Third Circuit reversed.  *Diaz v. Palakovich*, 448 F. App'x 211 (3d Cir. 2011)(nonprecedential).  In doing so, the court noted that it would not address our dismissal of the access-to-courts claim because Plaintiff had not appealed that ruling.  *Id.* at 214 n.4.

On remand, in a second amended complaint, Plaintiff added Stott-Bumsted as a defendant.  He made a federal civil-rights claim and a state-law legal malpractice claim against her based on her alleged failure to raise on appeal the dismissal of the access-to-courts claim.  In the civil-rights claim, he alleged she violated his rights under the Sixth and Fourteenth Amendments.

Before the court is Stott-Bumsted's motion under Fed. R. Civ. P. 12(b)(6) to dismiss the malpractice claim.  For the reasons that follow, the motion will be granted, but with leave to amend.

II.   *Standard of Review*

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(quoting

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986)).

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'"  *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoted case omitted).

The Third Circuit has described the Rule 12(b)(6) inquiry as a three-part process:

> First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)(quoted cases omitted).

*Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012).

III.   *Background*

In his Second Amended Complaint, Plaintiff alleges as follows.  SCI-Smithfield defendants (John Palakovich, Peggy Everhart, Lisa Hollibaugh, Staci Weaverling, and Carolyn Weinfurther) opened, and/or condoned the practice of opening, his legal mail outside of his presence.  (Doc. 63, Second Am. Compl. at ¶ 9).  These defendants also stole or tampered with his legal mail, thus interfering with his access to the courts.  (*Id.*)

Specifically, in regard to the theft of legal mail, Plaintiff alleges that the defendants stole, seized or deliberately lost four separate petitions for commutation that Plaintiff had attempted to send to the Massachusetts Advisory Board of Pardons.  The petitions sought commutation of Plaintiff's conviction from first-degree murder to second-degree murder.  However, Defendants' actions denied review of the petitions and any chance of a reduction in his sentence, (*id.* ¶ 9), presumably following from a reduction in the offense.  Defendant's conduct also caused "at least one prison-related civil action" to be

dismissed.  (*Id.*)[1]

With respect to Stott-Bumsted, Plaintiff asserts a claim of "legal malpractice" against her due to her failure to appeal this court's dismissal of his access-to-courts claim. (*Id.* ¶ 10).  He alleges she failed to respond to his letters and phone calls.  (*Id.*).  He also claims Stott-Bumsted "did violate the Plaintiff's 6th and 14th Amendment right to counsel, and access to court."  (*Id.* ¶ 27).

As relief, Diaz seeks declaratory, compensatory and punitive damages against each defendant in their individual and official capacities.

IV.   *Discussion*

A.   *Plaintiff has No Civil-Rights Claim Against Stott-Bumsted Because Attorneys Do Not Act Under Color of State Law When Representing Clients*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff claims Stott-Bumsted violated his Sixth and Fourteenth Amendment rights when she failed to appeal the dismissal of his access-to-courts claim.  This claim fails because Stott-Bumsted was not acting under color of state law.  An attorney, whether court

---

[1] Although these allegations appear in the Second Amended Complaint, Plaintiff no longer has an access-to-courts claim against the prison defendants because we dismissed that claim and Plaintiff did not appeal that ruling.

appointed or privately retained, represents only her client, not the state, and therefore the

attorney's conduct is not 'under color of state law' for purposes of section 1983.  *Polk Cnty.*

*v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Angelico v. Lehigh Valley*

*Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)("Attorneys performing their traditional

functions will not be considered state actors solely on the basis of their position as officers

of the court.").  The section 1983 claim against Stott-Bumsted will therefore be dismissed.

    B.  *The Legal Malpractice Claim*

        1.  *Plaintiff Has Complied With the Certificate of Merit*
           *Requirement*

       The parties address the legal malpractice claim under Pennsylvania law.

Stott-Bumsted moves to dismiss the claim on the basis that Diaz has not filed a proper

certificate of merit (COM) as required by Pa. R. Civ. P. 1042.3.[2]  Rule 1042.3 requires that

a COM be filed in any case alleging "that a licensed professional deviated from an

acceptable professional standard."  Rule 1042.3(a).  In pertinent part, the COM must

represent that "an appropriate licensed professional has supplied a written statement that"

the conduct at issue "fell outside acceptable professional standards . . . ."  Rule

1042.3(a)(1).  Or the COM may represent that "expert testimony of an appropriate licensed

professional is unnecessary for prosecution of the claim."  Rule 1042.3(a)(3).[3]

---

    [2] "Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law . . . and must be applied as such by federal courts."  *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

    [3] Another option, not relevant here, is to represent that "the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals from whom this defendant is responsible deviated from an acceptable professional
(continued...)

Plaintiff chose the latter option, filing a COM that read "expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim . . . The plaintiff will prove his claims against defendant Stott-Bumsted, during direct examination of the defendant, at trial." (Doc. 131). Stott-Bumsted argues that the COM is deficient because it is nothing more than Plaintiff's "own opinion" that her performance fell outside acceptable professional standards. (Doc. 132, Reply). She argues that "this is a case where expert testimony is required," thus mandating the dismissal of Diaz's legal malpractice claim. (*Id.*)

We disagree. In order to proceed with his legal malpractice claim, Diaz had to file a COM that complied with Rule 1042.3. One section of the Rule allows a COM that represents that no expert is required. Plaintiff has filed such a COM. Plaintiff is therefore in compliance with the Rule. *Liggon-Redding*, *supra*, 659 F.3d at 265 (*pro se* plaintiff who files a COM stating that expert testimony is not necessary has complied with the Rule, and the district court abused its discretion in dismissing the case on the basis that the plaintiff needed an expert). The downside for Plaintiff is that his election prohibits his use of expert testimony in later proceedings unless there are "exceptional circumstances." *Id.* (citing Rule 1042.3(a)(3)). But that has no bearing on the adequacy of his COM.

> 2. *Plaintiff Fails to State A Legal Malpractice Claim Against Attorney Stott-Bumsted Because He Does Not Allege That He Would Have Succeeded on the Commutation Petitions Or the Civil-Rights Suit*

Stott-Bumsted makes the following arguments against the merits of the

---

[3](...continued)
standard . . . ." Rule 1042.3(a)(2).

malpractice claim.  First, Defendant had no basis on appeal to raise the denial of the access-to-courts claim because Plaintiff had not yet alleged that the prison defendants had intercepted his commutation petitions, Plaintiff having only made that allegation on remand.  Second, it is within the reasonable exercise of an attorney's skill to decide what issues to raise on appeal so that Defendant's choice not to raise the access-to-courts claim was not malpractice.  Third, to succeed on his claim, Plaintiff would have to show that he would have succeeded on his commutation petitions, but he has not alleged he would have succeeded.  Fourth, Plaintiff cannot establish the damages element of his claim as any claim for damages would have been speculative, given that under Massachusetts law he would have had to have convinced the Massachusetts Board of Pardons to recommend a commutation to the governor and the governor would have had to have accepted the recommendation.  Fifth, Plaintiff cannot establish causation because he can still submit a commutation petition to Massachusetts authorities.  Sixth, Plaintiff cannot pursue the malpractice claim because it depends on the validity of the access-to-courts claim, which cannot be pursued when Plaintiff already has a remedy by way of his claim for interference with his incoming legal mail.

Defendant's first and second arguments lack merit.  As Plaintiff points out, he alleges that Defendant failed to respond to his phone calls and letters.  He thus argues that if she had done so, he would have been able to tell her about the claim so that she could have raised it on appeal.  Additionally, her failure to communicate means that Defendant did not exercise any judgment in not raising the claim on appeal.

The fifth and sixth arguments also lack merit.  Plaintiff asserts that another commutation petition is not an option because "[o]riginal affidavits, and exhibits, are gone,

and witnesses are no longer available to get new affidavits, or exhibits from." (Doc. 92, Pl's

Opp'n Br., ECF p. 4). At this stage, we must accept this representation. In support of his

sixth argument, Defendant cites *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 153

L.Ed.2d 413 (2002). However, *Christopher* is distinguishable. That case dealt with the

elements of an access-to-courts claim and held, in material part, that an access-to-courts

claim could not proceed if the remedy sought was available by a then currently existing

cause of action. *Id.* at 416, 122 S.Ct. at 2187. This ruling does not support Defendant's

argument that Plaintiff cannot pursue commutation relief in an access-to-courts claim

because the same relief is available in the claim for interference with his incoming legal

mail. The same relief in not available in the latter claim, which does not involve the

commutation issue.

However, we agree with Defendant's third argument, that the malpractice

claim fails because Plaintiff has not alleged he would have succeeded on any of his

commutation petitions. For a claim of legal malpractice in Pennsylvania, a plaintiff must

establish three elements: "employment of the attorney or other basis for a duty; the failure

of the attorney to exercise ordinary skill and knowledge; and that the attorney's negligence

was the proximate cause of damage to the plaintiff." *Steiner v. Markel*, 600 Pa. 515, 519,

968 A.2d 1253, 1255 (2009).

There must be proof of actual loss; nominal damages are not recoverable.

*Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027, 1030 (1998). In other words, the

plaintiff has "to prove that he had a viable cause of action against the party he wished to

sue in the underlying case and that the attorney he hired was negligent in prosecuting or

defending that underlying case (often referred to as proving a 'case within a case')." *Id.*,

714 A.2d at 1030.  The plaintiff must "prove that the underlying legal representation would have achieved whatever the plaintiff[ ] hoped to achieve.  If the underlying case . . . would have failed regardless of the defendant's professional negligence, then the plaintiffs have not suffered actual loss."  *AsTech Int'l, LLC v. Husick*, 676 F. Supp. 2d 389, 402 (E.D. Pa. 2009).

Here, we do not have simply a case (an appeal of the dismissal of the access-to-courts claim) within a case (the legal malpractice claim) but a case (the access-to-courts claim) within a case (an appeal of the dismissal of the access-to-courts claim) within a case (the legal malpractice claim).  This follows from the need to prove an actual injury.  Plaintiff could very well have succeeded in successfully appealing our dismissal of his access-to-courts claim, but without an actual injury he fails to have a claim.  And the actual injury can only be demonstrated by showing he would have succeeded on any of his commutation petitions.

To determine whether Plaintiff has stated a claim for legal malpractice, we must bear in mind the elements of the claim.  *Connelly, supra,* 706 F.3d at 212.  In doing so, we conclude that Plaintiff has failed to state a claim for legal malpractice because he has not alleged that he would have succeeded on any of his commutation petitions, an essential element of his malpractice claim.[4]

V.  *Leave to Amend*

We must decide whether to permit amendment.  Generally, we should grant

---

[4]  We note here, if it is relevant, that the access-to-courts claim also requires Plaintiff to allege an actual injury and that the underlying claim was nonfrivolous or arguable.  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

leave to amend if amendment would not be futile.  *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).  We cannot say amendment would be futile as we have only examined this claim, as amended, for the first time. Plaintiff will therefore be granted leave to file a third amended complaint setting forth sufficient factual allegations to support his malpractice claim.  Plaintiff is advised he cannot simply allege that any commutation petition would have been favorable to him.  He must also allege facts supporting that conclusion.[5]  We recognize that Plaintiff asserts he no longer has documents to support his commutation claim but he should certainly be able to allege facts, after having prepared four commutation petitions, that would show that any such petition would have been granted.

          An appropriate order follows.


                         /s/ William W. Caldwell
                         William W. Caldwell
                         United States District Judge


Date: April 15, 2014

---

    [5] If Plaintiff wishes to pursue the claim in regard to the civil-rights action he says was also prevented  from being filed, he shall also make sufficient factual allegations as to that claim.